UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CV411-133 |
| | ) | |
| v. | ) | Case No. CR495-010 |
| | ) | |
| TONY RILEY | ) | |

## REPORT AND RECOMMENDATION

Tony Riley, who stands convicted of conspiracy to possess and distribute powder and crack cocaine, has filed a motion to amend a prior 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. (Doc. 797.) He also requests appointment of counsel. (*Id.*) He states that the § 2255 motion was filed on April 3, 2007, but he never received a response from the government. (*Id.* at 1.) A thorough review of the Court's docket reveals no such motion was ever filed. Riley, however, has attached a copy of a § 2255 form motion, dated April 3, 2007, that he claims to have presented to this Court for filing. (*Id.* at 12.) It matters not, however, whether he did or did not present the § 2255 motion in 2007, for even if the motion was filed in April 2007, it

nets him nothing. The motion is successive since he had filed a § 2255 motion on August 18, 1999. (Doc. 511.)

Riley's new § 2255 motion attacks his May 2006 "resentencing." (Doc. 1 at 2.) On May 10, 2005, the Court reduced his sentence under 18 U.S.C. § 3582(c)(2) from 292 months' imprisonment to 151 months' imprisonment based upon a United States Sentencing Guidelines amendment enacted after his initial sentencing. (Doc. 604.) The government appealed the sentence modification, and on March 7, 2006, the Eleventh Circuit Court of Appeals reversed, stating that this Court had misapplied § 3582(c)(2), noting that the amendment this Court relied upon was not to be retroactively applied. *United States v. Riley*, 164 F. App'x 836, 838-39 (11th Cir. 2006). Consistent with the Court of Appeals opinion, this Court reimposed Riley's original sentence. (Doc. 620.)

Despite all of the activity surrounding his term of imprisonment, none of it amounts to a true resentencing that would reset the § 2255 cycle and enable a new "first" § 2255. The law is clear that "[a] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does

not constitute a *de novo* resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000); *cf. Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (a Fed. R. Crim. P. 35(b) sentencing modification does not constitute a new judgment of conviction). Because Riley has already attacked his sentence under 28 U.S.C. § 2255, *Riley v. United States*, No. 499-177 (S.D. Ga. June 1, 2000), his unfiled § 2255 motion would be second or successive. Riley thus must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court must dismiss such a § 2255 motion without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

3

To clarify the record, the Clerk is **DIRECTED** to open a new civil case and file Riley's "motion to amend" and his unfiled § 2255 motion as a new § 2255 motion *and* a motion seeking appointment of counsel, and then enter this Report and Recommendation in both the criminal case and the new civil case. Riley's § 2255 motion should be **DISMISSED** as successive. His motion to amend (doc. 797) should be **DENIED** for the same reason. The Court also **DENIES** Riley's request for appointment of counsel.[1]

Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of

---

[1] There is no constitutional right to counsel when collaterally attacking a conviction or sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). Nor is there any rule-based right unless Riley can show that appointment is necessary for effective discovery or that an evidentiary hearing is required. *See* Rules 6 & 8, Rules Governing § 2255 Proceedings. Since Riley's motion is successive, he cannot show any necessity for appointment here.

4

appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 11th day of May, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**